UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MOISES DISLA RAMOS, and<br>JERINSON ROSARIO,<br><br>            Defendants. | **PROTECTIVE ORDER**<br><br>**22 Cr. 431 (LJL)** |

Upon the application of the United States of America, by Assistant United States Attorneys Jason Swergold and Ni Qian, of counsel, and with the consent of the defendants, Moises Disla Ramos and Jerinson Rosario, through counsel, for an order limiting the dissemination of certain discovery materials produced in connection with the above-captioned case, which contain sensitive information, it is hereby ORDERED that:

1.     **Disclosure Material**.  The Government has made and will make disclosure to the defendants of documents, objects and information, including electronically stored information, pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases (the "Disclosure Material").  The Disclosure Material will include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and/or (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2.     Disclosure Material shall not be disclosed by the defendants or defense counsels, including any successor counsel (collectively, "the defense") other than as set forth herein, and shall be used by the defense solely for the purpose of defending this criminal action.  The defense

shall not post any disclosure material on any internet site or network site to which persons other than the parties hereto have access and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

3.  **Sensitive Material.** Certain parts of the Disclosure Material are expected to contain information that identifies, or could lead to the identification of, victims or witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein; or information regarding certain undercover law enforcement personnel engaged in ongoing operations (collectively, "Sensitive Material"). Any such material will be stamped or otherwise clearly marked "SENSITIVE" by the Government. The Government's designation of material as Sensitive Material will be controlling absent contrary order of the Court.

4.  Sensitive Material must be maintained solely in the possession of defense counsels and personnel for whom defense counsels are directly responsible (*i.e.*, employed by or retained by counsel). Sensitive Material may be reviewed by the defendants only in the presence of counsel, and the defendants may not retain or possess Sensitive Material.

5.  **Attorneys' Eyes Only Material.** In order to balance the interest of timely production to defense counsels with the interest of protection of witness safety and privacy, certain Sensitive Material may be produced on an "Attorneys' Eyes Only" basis ("AEO Material"). Any documents or portions of documents designated AEO Material may be reviewed and discussed only by counsel to the parties in this matter (or anyone working under their direction) or the Court. Upon production of AEO Material, the Government will identify the date, if applicable, that such designation will be lifted such that the material reverts to Sensitive Material, *i.e.*, when if at all it may be shared with the defendants.

6.      In the event of any dispute as to the Government's designation of particular Disclosure Material as Sensitive or AEO, the parties shall meet and confer, without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. If the defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of this Court. The Government shall bear the burden of establishing good cause for its Sensitive or AEO designation of the disputed materials. Absent a contrary order of this Court, the Government's designation of Disclosure Material as Sensitive or AEO shall be controlling.

7.      Any party wishing to file Sensitive Material or AEO Material with the Court for any reason shall, after consultation with the opposing party, seek authorization from the Court to file any such material under seal. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8.      The defense may disseminate Disclosure Material that is not Sensitive Material only to the defendants, defense counsels, investigative, secretarial, clerical, and paralegal personnel employed full-time or part-time by defense counsels, independent expert witnesses, investigators, or advisors retained by defense counsel in connection with this action, and other prospective witnesses and their counsel, to the extent deemed necessary by defense counsel, for the purpose of defending this criminal action, and such other persons as hereafter may be authorized by the Court upon motion by the defendant.  This Order places no restriction on the defendants use or disclosure of ESI that originally belonged to the defendants.

9.      The defense must destroy or return any Disclosure Material at the conclusion of the trial of this matter or when any appeal has terminated and the judgment has become final, subject to defense counsels' obligation to retain client files under the Rules of Professional Conduct.

4

10.     The Government may authorize, in writing, disclosure of any Disclosure Material

beyond that otherwise permitted by this Order without further Order of this Court.

11.     The provisions of this Order shall not terminate at the conclusion of this criminal

prosecution, and the Court will retain jurisdiction to enforce this Order following termination of

the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney


by: _____          Date:     8/25/22_____
    Jason Swergold
    Ni Qian
    Assistant United States Attorneys


  /s/ Marne L. Lenox                                      8/26/2022
_____          Date:    _____
    Marne Lenox, Esq.
    Counsel for Moises Disla Ramos


_____          Date:    8/26/2022_____
    Aaron Mysliwiec, Esq.
    Counsel for Jerinson Rosario



SO ORDERED.

Dated:  New York, New York
        August 26, 2022


                                         _____
                                         HONORABLE LEWIS J. LIMAN
                                         UNITED STATES DISTRICT JUDGE


5